IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| DESMOND PRICE, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 2:20-cv-02225-TLP-tmp |
| v. ) | |
| ) | |
| TENN. BOARD OF PAROLES and FLOYD ) | |
| BONNER, JR., Shelby County Sheriff, ) | |
| ) | |
| Respondents. ) | |

**ORDER DISMISSING § 2241 PETITION WITHOUT PREJUDICE,
DENYING A CERTIFICATE OF APPEALABILITY,
CERTIFYING THAT AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH,
AND
DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

Petitioner Desmond Price petitioned pro se for habeas corpus relief under 28 U.S.C. § 2241 ("§ 2241 Petition"). (ECF No. 1.) The Court then granted Petitioner leave to proceed in forma pauperis. (ECF No. 4.) And Respondent Floyd Bonner, Jr. responded to the Petition in June 2020. (ECF No. 10.) Petitioner has not replied, and the reply deadline has now expired. In sum, because Petitioner has failed to exhaust his available state court remedies, the Court **DISMISSES WITHOUT PREJUDICE** this § 2241 Petition.

**STATE COURT PROCEDURAL HISTORY**

In 2012, a jury convicted Petitioner of possessing cocaine with intent to sell, and the Shelby County Criminal Court imposed an eight-year sentence. *See* Shelby County Criminal Justice System Portal, Case No. 11 06451-11107973, https://cjs.shelbycountytn.gov/CJS (last

accessed Mar. 9, 2021).  (*See* ECF No. 1 at PageID 1.)[1]  In early October 2019, the Tennessee Board of Parole ("Parole Board" or "Board") held a parole revocation hearing for Petitioner. (ECF No. 1-1 at PageID 10.)  Two weeks later, the Board decided to revoke Petitioner's parole, because it found that Petitioner possessed illegal drugs about a year earlier, December 19, 2018. (*Id.*)  Petitioner then tried to appeal that decision.  But  the Parole Board denied his appeal explaining that his case did "not qualify for review" because the parole violation was not based solely the filing of new criminal charges.  (*Id.* at PageID 11.)  From there, Petitioner sought the help from this Court.

## THE § 2241 PETITION

Petitioner now claims that the Parole Board violated his Sixth Amendment rights, because it denied him an attorney for the parole revocation hearing.  (ECF No. 1 at PageID 6.) He also contends that the Board violated his Fourteenth Amendment due process rights and right to equal protection under the law by not allowing him to call witnesses to rebut the testimony of Detective James.  (*Id.* at PageID 7.)  Petitioner requests that the Court dismiss the pending charges during the parole revocation hearing, grant a new parole revocation hearing, immediately release him, and grant any other relief the Court considers just.  (*Id.*at PageID 8.)

## ANALYSIS

Under 28 U.S.C. § 2241(c)(3), federal courts may issue a writ of habeas corpus on behalf of a prisoner who "is in custody in violation of the Constitution or laws or treaties of the United States."  But a federal court may not grant a writ of habeas corpus for a state prisoner unless, with certain exceptions, the prisoner exhausts available state remedies.  *Cullen v. Pinholster*, 563

---

[1] At some point, the State released Petitioner on parole, but there is no information about when that occurred in the record before the Court.

U.S. 170, 181 (2011).  In  other words, he must present the same claim for which he seeks redress in a federal habeas court to the state courts under 28 U.S.C. § 2254(b) and (c).  *Id.*

To do that, the petitioner must "fairly present"[2] each claim to all levels of state court review, including the state's highest court with discretionary review powers.  *Baldwin v. Reese*, 541 U.S. 27, 29 (2004).  But a petitioner need not seek review by the highest state court, if the state has explicitly decided that state supreme court review is not an available state remedy.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 847–48 (1999).  Tennessee has done that.  Indeed, Tennessee Supreme Court Rule 39 eliminated the need to seek review in the Tennessee Supreme Court.  *Adams v. Holland*, 330 F.3d 398, 402 (6th Cir. 2003).  Under Rule 39, "once the Court of Criminal Appeals has denied a claim of error, 'the litigant shall be deemed to have exhausted all available state remedies.'"  *Holland*, 330 F.3d at 402 (quoting Tenn. Sup. Ct. R. 39); *see Smith v. Morgan*, 371 F. App'x 575, 579 (6th Cir. 2010).

And exhaustion under § 2241, unlike exhaustion under 28 U.S.C. § 2254, is not a statutory requirement.  *Compare* 28 U.S.C. § 2254(b)(1)(A), with *id*. § 2241.  Even so, the Sixth Circuit has noted that, "in the § 2241 context, 'decisional law has superimposed such a requirement in order to accommodate principles of federalism.'" *Phillips v. Ct. of Common Pleas, Hamilton Cty., Ohio*, 668 F.3d 804, 810 n.4 (6th Cir. 2012) (quoting *U. S. ex rel. Scranton v. New York*, 532 F.2d 292, 294 (2d Cir. 1976)).  Habeas petitioners proceeding under § 2241 therefore must exhaust all available state court remedies, usually to the state court of last resort, before proceeding in federal court.  *Phillips*, 668 F.3d at 810 (citing *Klein v. Leis*, 548 F.3d 425,

---

[2] For a petitioner to exhaust a claim in state court, "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts, or that a somewhat similar state-law claim was made." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam) (internal citations omitted).  Nor is it enough to make a general appeal to a broad constitutional guarantee.  *Gray v. Netherland*, 518 U.S. 152, 163 (1996).

429 n.2 (6th Cir. 2008)).  Courts have developed the exhaustion requirement "to protect the state courts' opportunity to confront initially and resolve constitutional issues arising within their jurisdictions and to limit federal judicial interference in state adjudicatory processes." *Atkins v. People of State of Mich.*, 644 F.2d 543, 546 (6th Cir. 1981) (citations omitted).

Respondent here argues that Petitioner has not exhausted his available state court remedies.  (ECF No. 10 at PageID 32.)  At bottom, Respondent points out that Petitioner may file a common law writ of certiorari in the Davidson County Chancery Court for review of his parole revocation.  (*Id.* at PageID 33–34.)  But Petitioner failed to pursue that step.  (*See id.* at PageID 34.)

What is more, the Tennessee Supreme Court has held that "[i]nmates may use the common law writ of certiorari to seek review of decisions made by prison disciplinary boards, parole eligibility review boards, and other similar tribunals."  *Greenwood v. Tenn. Bd. of Parole*, 547 S.W.3d 212, 213 (Tenn. Ct. App. 2017) (citing *Willis v. Tenn. Dep't of Corr.*, 113 S.W.3d 706, 712 (Tenn. 2003).  The decision of whether to grant or deny parole to an inmate is vested with the Parole Board, not the courts.  *Hopkins v. Tenn. Bd. of Paroles & Prob.*, 60 S.W.3d 79, 82 (Tenn. Ct. App. 2001).  As a result, this Court's judicial review powers are limited over the Board's parole decision.  *See id*.

Petitioner here did not reply to the Warden's argument that he should have pursued the common law writ of certiorari.  (*See* ECF No. 10 at PageID 33–34.)  And the Court finds no indication that Petitioner did in fact file the common law writ.[3]  For that reason, Petitioner has not met his burden of showing that he exhausted his available state court remedies relating to

---

[3] *See* Davidson County Chancery Public Records Access, http://www.nashvillechanceryinfo.org/default.aspx (last accessed Mar. 9, 2021).

parole revocation. *See Callicutt v. Holloway*, No. 3:15-CV-0044, 2015 WL 3645555, at *3 (M.D. Tenn. June 9, 2015) (dismissing § 2241 Petition where petitioner needed to petition for certiorari in the in the chancery court, and if dissatisfied with the decision, appeal it to the Tennessee Court of Appeals).

All in all, Petitioner has not shown that he exhausted his available state court remedies. For this reason, the Court **DISMISSES WITHOUT PREJUDICE** the § 2241 Petition. The Court will enter Judgment for Respondent.

## APPELLATE ISSUES

Under 28 U.S.C. § 2253, district courts must consider the appealability of its decision denying a habeas petition and whether to issue a certificate of appealability ("COA"). And in the Sixth Circuit, a court must issue a COA before considering a state prisoner's habeas appeal, "whether seeking pretrial relief under § 2241 or post-conviction relief under § 2254." *See Winburn v. Nagy*, 956 F.3d 909, 912 (6th Cir. 2020).

A court may issue a COA only if the petitioner has made a substantial showing of the denial of a constitutional right, and the COA must reflect the specific issue or issues that satisfy the required showing. 28 U.S.C. §§ 2253(c)(2)–(3). A petitioner makes a "substantial showing" when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)); *Henley v. Bell*, 308 F. App'x 989, 990 (6th Cir. 2009) (per curiam) (holding a prisoner must show that "reasonable jurists could disagree with the district court's resolution of his constitutional claims or that the issues presented warrant encouragement to proceed further" (quoting *Banks v. Dretke*, 540 U.S. 668,

5

674 (2004))).

Nor does the petitioner have to show that the appeal will succeed. *Miller-El*, 537 U.S. at 337; *Caldwell v. Lewis*, 414 F. App'x 809, 814–15 (6th Cir. 2011) (same). But courts should not issue a COA as a matter of course. *Bradley v. Birkett*, 156 F. App'x 771, 773 (6th Cir. 2005) (quoting *Miller-El*, 537 U.S. at 337).

Petitioner has not shown that he exhausted his claims. Because any appeal by Petitioner on the issues raised in his § 2241 Petition does not deserve attention, the Court **DENIES** a certificate of appealability.

Under the Federal Rules of Appellate Procedure, a party seeking leave to appeal in forma pauperis must first move to do so in the district court. Fed. R. App. P. 24(a)(1). That said, if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal in forma pauperis, the prisoner must instead move to proceed in forma pauperis in the appellate court. *See* Fed. R. App. P. 24(a)(4)–(5).

For the same reasons the Court denies a COA, the Court **CERTIFIES** under Fed. R. App. P. 24(a) that any appeal here would not be taken in good faith. Thus, the Court **DENIES** leave to appeal in forma pauperis.[4]

**SO ORDERED**, this 10th day of May, 2021.

   s/Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE

---

[4] If Petitioner files a notice of appeal, he must pay the full $505 appellate filing fee or move to proceed in forma pauperis and supporting affidavit in the Sixth Circuit within 30 days of the date of entry of this order. *See* Fed. R. App. P. 24(a)(5).